# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KAION ROBINSON,**

      **Petitioner,**

**v.**                             **Case No.  4:14cv221-RH/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,[1]**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On May 1, 2014, Petitioner Kaion Robinson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting memorandum of law.  ECF No. 1, 2.  On that same date Petitioner filed a motion for an evidentiary hearing, ECF No. 3, which was denied by order entered on June 18, 2014.  ECF No. 9.  Respondent was directed to file an answer, motion, or other response to the petition, and an answer with exhibits was filed on January 8, 2015.  ECF No. 16.  Petitioner filed a reply on April 3, 2015.  ECF No. 19.

_____

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews.  Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

By amended information filed September 4, 2007, in case number 07CF01296, in the Second Judicial Circuit, Leon County, Florida, Petitioner was charged with Count I, burglary of a dwelling while armed with a dangerous weapon occurring on April 3, 2007, in violation of section 810.02, Florida Statutes; and Count II, aggravated stalking occurring on and between March 28, 2007, and April 9, 2007, in violation of section 784.048(3), Florida Statutes.  Ex. A at 2.[2]

After a jury trial held on January 24, 2008, at which Petitioner did not testify, the jury returned verdicts finding Petitioner guilty as charged on both

---

[2] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 16.

counts.  Ex. A at 153-55.  Judgment was entered and Petitioner was

sentenced as a prison release reoffender under section 775.082, Florida

Statutes, to life in prison on Count I and a concurrent term of five years in

prison on Count II.  Ex. A at 158-62.  Petitioner was given credit for 281

days of time served.  Ex. A at 161.

Appellate counsel filed an <u>Anders</u>[3] brief in Petitioner's direct appeal

from the convictions and sentences in which counsel asserted that he could

not make a good faith argument of error.  Ex. F.  Petitioner filed a pro se

brief, Ex. G., and the state First District Court of Appeal affirmed per curiam

without opinion on November 24, 2008.[4]  Ex. H.  *See* <u>Robinson v. State</u>,

993 So. 2d 968 (Fla. 1st DCA 2008) (table).  Petitioner's motion for

rehearing and motion to recall the mandate was denied on January 23,

2009.  Ex. J.

On June 3, 2009, Petitioner filed a petition for writ of prohibition or

mandamus in the state First District Court of Appeal, Ex. O at 1-40.  The

---

[3] <u>Anders v. California</u>, 386 U.S. 738, 744 (1967) (holding that when appointed counsel finds the appeal to be frivolous, counsel should so advise the court after a conscientious examination of the record and reference to anything in the record that might support an appeal, and counsel may request permission to withdraw).

[4] Claims of error in Petitioner's pro se brief on direct appeal were: (1) fundamental error in giving the 2007 version of the jury instruction for burglary because it was adopted after the offense was committed, and because the instruction given did not include element 3 of the 2007 standard instruction concerning consent; and (2) error in denying the motion for judgment of acquittal on the charge of stalking.  Ex. G.

petition was denied on the merits on July 13, 2010.  Ex. O at 41.  *See*

Robinson v. State, 39 So. 3d 1269 (Fla. 1st DCA 2010) (table).

Petitioner filed a motion under Florida Rule of Criminal Procedure for

post-conviction relief by the mailbox rule on July 9, 2009, raising nine

claims.  Ex. L at 1-13.  This motion was dismissed without prejudice due to

confusion arising from an error in the case number in a pending appeal that

had been filed in Petitioner's violation of probation proceedings.  The case

number was corrected on December 17, 2009.  ECF No. 16-2 at 134.

On May 13, 2010, Petitioner filed another Rule 3.850 motion in the

trial court and an evidentiary hearing was held on August 24, 2012, at

which Petitioner was represented by counsel.[5]  Ex. P. at 1-80, Ex. Q.  The

motion for post-conviction relief was denied on August 24, 2012, and

Petitioner appealed, pro se, to the state First District Court of Appeal.[6]

---

[5] The claims raised in the post-conviction motion were: (1) trial counsel was ineffective (IAC) in failing to object to the erroneous jury instruction on burglary; (2) IAC in failing to request a proper jury instruction on Petitioner's theory of defense concerning "invitation/consent;" (3) IAC in failing to object to inadmissible hearsay; (4) IAC in failing to effectively impeach the state's key witness; (5) IAC in failing to object and move for mistrial due to prosecutorial misconduct; (6) IAC in failing to file a motion to sever the charges; (7) IAC in failing to argue that the state failed to prove the element of armed with a dangerous weapon; (8) IAC in misinforming and inducing Petitioner to reject a favorable plea offer; and (9) cumulative error that substantially contributed to the conviction.

[6] In his appeal from denial of postconviction relief, Petitioner presented four claims of error: (1) denial of relief on claim of ineffective assistance of counsel (IAC) in failing to object to the erroneous jury instruction on burglary; (2) denial of relief on claim of IAC in failing to request a proper jury instruction on Petitioner's theory of defense; (3) denial of claim of IAC in misinforming Petitioner and inducing him to reject a plea offer; and

Ex. P at 97,100.  Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal seeking a belated appeal, which was dismissed as moot on April 16, 2013.  Ex. X at 1-23.  On December 6, 2013, the district court affirmed denial of post-conviction relief per curiam without opinion, and the mandate was issued January 14, 2014.  Ex. W at 1, 2; *see* Robinson v. State, 128 So. 3d 802 (Fla. 1st DCA 2013) (table).

Petitioner timely filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 1, 2014.  ECF No. 1.  He raises two grounds for relief:

> (1) Trial counsel provided ineffective assistance by failing to object to an erroneous jury instruction on the offense of burglary, violating Petitioner's right to counsel under the Sixth Amendment and depriving Petitioner of a fair trial and due process as guaranteed by the U.S. Constitution and the Constitution of the State of Florida.

> (2)  Trial counsel provided ineffective assistance by failing to request the proper jury instruction applicable to Petitioner's defense, violating Petitioner's right to counsel under the Sixth Amendment to the U.S. Constitution and depriving Petitioner of a fair trial and due process as guaranteed by the U.S. Constitution and the Constitution of the State of Florida.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

---

(4) fundamental error in circuit court's departure from its role as neutral arbiter at the evidentiary hearing.  Ex. T.

habeas corpus relief for persons in state custody.  Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 181

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).  "This is a

'difficult to meet' and 'highly deferential standard for evaluating state-court

rulings, which demands that state-court decisions be given the benefit of

the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

"It is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions," and "[i]n conducting habeas

review, a federal court is limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States." Estelle v. McGuire,

502 U.S. 62, 67-68 (1991). *See also* Swarthout v. Cooke, 562 U.S. 216,

222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is

not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121,

n.21 (1982))).

Where federal claims are properly raised in a habeas proceeding,

"[b]efore a federal court may grant habeas relief to a state prisoner, the

prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel,

526 U.S. 838, 842 (1999); Title 28 U.S.C. § 2254(b).  In order for remedies

to be exhausted, "the petitioner must have given the state courts a

'meaningful opportunity' to address his federal claim." Preston v.

Secretary, Florida Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015)

(quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).  The

petitioner must have apprised the state court of the federal constitutional

claim, not just the underlying facts of the claim or a "somewhat similar

state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.

1998).

For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so

serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123. It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Id.*

## **Ground 1: Counsel's Failure to Object to Burglary Instruction**

Petitioner contends that his trial counsel provided ineffective assistance by failing to object to the jury instruction for burglary.  ECF No. 1 at 6-8.  He contends that the trial court should have given the standard jury instruction as it was revised in 2007, including optional element 3, but instead gave a modified version of the instruction, omitting element 3 and inserting the word "unlawfully" when instructing the jury on the elements of the burglary.  He argues that his defense at trial was that he was licensed or invited to enter the structure because he lived at the victim's residence, and optional element 3 of the standard instruction should have been given because it would have supported Petitioner's defense.  This claim was denied by the post-conviction court and appealed to the state First District Court of Appeal, which affirmed.

The 2007 version of the standard jury instruction for burglary provided in pertinent part as follows:

### **13.1 BURGLARY**
### **§ 810.10, Fla. Stat.**

*Give this statement of the elements if the charge is unlawful entry:*

To prove the crime of Burglary, the State must prove the following [two] [three] elements beyond a reasonable doubt:

    1. (Defendant) entered a [structure] [conveyance] owned by or in the possession of (person alleged).

    2. At the time of entering the [structure] [conveyance], (defendant) had the conscious intent to commit [an offense] [(the crime alleged)] in that [structure] [conveyance].

*The offense intended cannot be trespass or burglary.*

*Give element 3 only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public. . . .*

    3. [(Defendant)] was not [licensed] [invited] to enter the [structure] [conveyance].  [The premises were not open to the public at the time of entering.]

In re Standard Jury Instructions in Criminal Cases—Report No. 2006-2,

962 So. 2d 310, 321 (Fla. 2007).  The Florida Supreme Court directed that

this instruction be given "for offenses committed after July 2, 2001."  *Id.* at

326.

    The trial court in Petitioner's case gave a modified version of the

standard instruction, without inclusion of optional element 3, stating in part:

    To prove the crime of burglary of a dwelling while armed, the State must prove the following elements beyond a reasonable doubt:  Kaion Robinson unlawfully entered the dwelling owned by or in the possession of Dana Denise Peters with the intent to commit a crime therein; while unlawfully in the dwelling, Kaion Robinson was armed or became armed within the dwelling with a dangerous weapon.

Ex. S at 102.  No objection was made to the instruction as given.

    Petitioner contends that failing to give element 3 negated his only

defense to burglary, which was that he had a right to enter the home

because he had been living there.  ECF No. 2 at 14 (memorandum); ECF

No. 19 at 5 (reply).  He argues that if trial counsel had objected to the unexplained modification to the standard instruction and to the court's failure to give optional element 3, the trial court would have been required to give standard instruction as written including optional element 3 because it was supported by the evidence.  In a related claim, asserted as Ground 2 both in the post-conviction proceeding and in this § 2254 proceeding, Petitioner contends that trial counsel was also ineffective for failing to expressly request that optional element 3 of the standard instruction be given.  The post-conviction court considered both claims together and denied both, stating:

> I think Grounds One and Two go together.  I deny the motion to vacate as to Grounds One and Two.  Judge Lewis, what he did is he, rather than giving the optional element three, which would talk about was not licensed, invited or entered - - I'm not crystal clear when that option three was added.  It was at some point in time after the controversy over the entering or remaining in instruction.  He did not give element three, but he added "unlawfully entered" into element one, which I think had the same practical effect as if he had given element three.
>
> And it was certainly argued that way without objection by the defense.  On Page 123, Mr. Sheffield [defense counsel] argued in closing argument that the defendant could not be found guilty because he was living there.  He had previously argued on Page 121 and 122 of the trial transcript the testimony of his brother, the defendant's brother, Mr. Robinson, that said the defendant was living there.  That was the defense offered by the defendant.  That's the defense that Mr. Robinson has said was discussed.  I think that was certainly presented sufficiently to the jury and simply was rejected by the jury.

> I don't find that it was ineffective or prejudicial.  It may
> have been better had Judge Lewis given the full element three,
> instead of the slightly modified instruction he gave.  But I think
> the defense argument, and I would add that that was not
> contradicted by the State, in fact, in closing argument Mr. Wade
> said that the State and defense were in agreement on the law,
> it was just a factual dispute that they had.  I think it was
> sufficiently presented to the jury.  So I deny Grounds One and
> Two.

Ex. Q at 52-53.  Petitioner contends that the post-conviction court's

determination was unreasonable when it concluded that the phrase

"unlawfully entered" as used in the instruction had the same practical effect

as giving element 3, which would have required the jury to find Petitioner

was not licensed or invited to enter the dwelling.  ECF No. 2 at 17.

Respondent argues that trial counsel was not ineffective in failing to

object to the modified instruction because, as given, the instruction was

clearer than the standard instruction and because it did not preclude

Petitioner from presenting his defense that he had a right to enter the

house.  ECF No. 16 at 9.  Trial counsel testified at the evidentiary hearing

that he did not object to the instruction because he felt it gave him ample

opportunity to present the defense that Petitioner lived there and therefore

did not unlawfully enter, and because he had gone over the instructions

with Petitioner, who did not voice any objections.  Ex. Q at 36-38.  Counsel

testified that he called a witness, Petitioner's brother, to substantiate the

claim that Petitioner had a right to enter the home because he lived there.

Ex. Q at 38.

Under Florida law it is a complete defense to a charge of burglary if

the defendant had consent to be in the building.  *See, e.g.*, Bryant v. State,

102 So. 3d 704 (Fla. 1st DC A 2012).  In Bryant, the state district court

reversed a conviction for armed burglary where element 3 of the standard

jury instruction was requested but not given.  The court explained:

> Burglary is defined as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter."  *See* § 810.02(1)(b) 1 Fla. Stat. (2010).  By this definition, it is a valid defense to a charge of burglary that the defendant had consent to be in the building or conveyance.  *See State v. Hicks,* 421 So.2d 510 (Fla.1982).  If the defendant meets the initial burden of establishing the defense of consent, the court must instruct the jury that the state must prove beyond a reasonable doubt that the defendant was not licensed or invited to enter the premises. *See* Fla. Std. Jury Inst. (Crim.) 13.1; *State v. Waters,* 436 So. 2d 66, 69 (Fla.1983).

> It is an established principle of law that the defendant is entitled to have the jury instructed on a valid defense if there is any evidence to support it.  *See Worley v. State,* 848 So. 2d 491, 492 (Fla. 5th DCA 2003).  In the present case there was at least some evidence to support the defendant's claim that he had permission to be in the victim's apartment.  Defense witnesses testified that he kept some of his clothes there, and the victim does not deny that he spent the night there with her permission four or five times a week.  Perhaps a juror would conclude that any permission the defendant had was revoked by the victim's conduct on the night of the incident, but that is not a question for the court.

      The state maintains that the evidence was too weak to support the defendant's theory of consent, but the question is not the sufficiency of the evidence to support a conviction, rather it is whether there was *any* evidence to support it, however weak or improbable. *See Mathews v. State,* 799 So. 2d 265, 266 (Fla. 1st DCA 2001).  The state focuses on the credibility of the witnesses and weight of the evidence.  This does not go to the existence of evidence to support the theory of license or invitation to enter.  Matters of weight and credibility are solely for the jury, not the judge.  *See Mathews.*

      It is not for us to evaluate the strength of the defendant's claim of license or invitation.  The jurors may well have thought that he was not, in fact, licensed or invited to enter the apartment even if they had been informed that license or invitation to enter would be a defense.  However, there was some evidence in both the state's case and in the defendant's case to support the defendant's theory of license of invitation and, for that reason, we must reverse for a new trial.

      Reversed.

Bryant, 102 So. 3d at 706-07.  The court in Bryant concluded that the error

was not harmless beyond a reasonable doubt in that case.  *Id.* at 704.  *See*

*also* Valls v. State, 159 So. 3d 234, 238 (Fla. 3d DCA 2015) (reversing and

holding that element 3 of the jury instruction for burglary was warranted

where defendant presented evidence that he had a rental agreement for

the property).  These cases suggest that where element 3 of the jury

instruction for burglary is requested but not given, and where the evidence

supports the instruction, that error can be found to be reversible on a state

direct appeal.  However, "[b]ecause '[d]irect review is the principal avenue

for challenging a conviction,' and habeas proceedings are 'secondary and

limited,' [citation omitted], 'an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.' " Jamerson v. Sec'y for Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). "A jury instruction that 'was allegedly incorrect under state law is not a basis for habeas relief" and the federal court is constrained on habeas review to determine only whether the challenged instruction, viewed in the context of both the entire charge and the trial record, "so infected the entire trial that the resulting conviction violated due process." Jameson, 410 F.3d at 688 (quoting Estelle, 502 U.S. at 72).

Petitioner brings this claim as one of ineffective assistance of counsel. Therefore, it is not sufficient that Florida law would have required the trial court to give element 3 of the standard instruction on burglary if counsel had objected to its exclusion from the instructions. Petitioner must demonstrate that trial counsel was deficient in not objecting to the modified instruction and in not objecting to failure to give element 3 of the standard instruction. Further, Petitioner must demonstrate that, but for the error of counsel, there is a reasonable probability that the result of the proceeding would have been different—a reasonable probability being one sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. Where

review of the state courts' adjudication of the claim of ineffective assistance is then sought in a § 2254 petition, Petitioner must show that the state court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented.

The post-conviction court concluded that neither deficiency nor prejudice had been shown.  The court found that although the jury was not provided with element 3 of the burglary instruction, the trial judge's addition of "unlawfully entered" into element one "had the same practical effect as if he had given element three."  Ex. Q at 52.  The state appellate court affirmed, which is a ruling on the merits that one or both prongs of the Strickland test have not been proven.  *See* Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990) (noting that the "clear inference" to be drawn from a per curiam affirmance of the trial court's decision without written opinion is that the appellate court "accepted not only the judgment but the reasoning of the trial court."); Burgess v. McNeil, 357 F. App'x 206, 212 (11th Cir. 2009) (same).

The post-conviction court's denial of relief on this claim was based in part on its reasoning that the modification of the standard instruction by use

of the word "unlawfully" had the same "practical effect" as giving element 3

of the instruction.  Petitioner provides no authority holding that the

"unlawfully entered" language used by the trial court in instructing the jury

did not sufficiently account for the "licensed or invited" language in element

3 of the standard instruction, as the post-conviction court concluded.  This

conclusion supports the post-conviction court's ruling, which was affirmed

on appeal, that trial counsel was not deficient for failing to object, an

adjudication that is founded on a determination of state law, review of

which is not cognizable in a federal habeas proceeding.  *See* Engle, 456

U.S. at 119-20.

The post-conviction court also found that Petitioner presented as his

defense that he did not commit a burglary because he had been living

there.  The court explained, "That's the defense that Mr. Robinson has said

was discussed.  I think that was certainly presented sufficiently to the jury

and simply was rejected by the jury."  Ex. Q at 52-53.  This finding—that

the defense was sufficiently presented and rejected by the jury—supports

the post-conviction courts determination that Petitioner failed to prove

prejudice under the second prong of Strickland.

The issue of the state courts' adjudication of this claim of ineffective

assistance of counsel does not turn on whether the federal court believes

the state courts' determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold.  Knowles, 556 U.S. at 123.  This review has been characterized as "doubly deferential."  *Id.*  "[A] federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' "  Bell v. Cone, 535 U.S. 685, 694 (2002) (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)).

Even if counsel should have objected to the modified instruction and requested element 3 of the standard instruction, prejudice has not been shown.  The state court's adjudication of this claim is not unreasonable in light of the evidence and argument presented at trial.  The victim in this case testified that she had casually dated Petitioner on and off for three months.  Ex. C at 32-33.  She testified that on March 28, 2007, she told Petitioner that she did not want to see him anymore because he had "cursed" her children the day before.  She said he began to call her and leave messages on her telephone, and that he rode past her house numerous times before and after April 3, 2007.  Ex. C at 33-35.  She had stayed in a motel in order to avoid him.  The victim testified that Petitioner

threatened to do harm to her truck and had texted her at 2 a.m. on April 3, 2007.  Ex. C at 36.  A previous boyfriend of hers was concerned about her situation, so she let him come to her house at 5 a.m.  Ex. C at 36-38.  She testified that she got her children ready for school at around 6 a.m. and after they left for the bus stop at 6:45 a.m., with her older son accompanying the younger children, she was in the bathroom getting dressed.  She said she heard the screen door close and footsteps coming toward her door.  Ex. C at 39.  The victim testified that she looked out of the bathroom and saw Petitioner standing there dressed in black and wearing rubber gloves.  Ex. C at 40.  She testified that he came toward her while lifting up his shirt and trying to pull a bat from his pants.  Ex. C at 41.  She reached for the bat and "tussled" with Petitioner.  When her friend, who was asleep in her bed at the time, woke up and called out, Petitioner released the bat and ran out the door.  Ex. C at 41-42.  The victim placed the bat on the sofa, where sheriff's deputies found it.  She said that after Petitioner ran away and was being sought by law enforcement, he continued to call her and text her with what she perceived to be threatening messages for several more days.  Ex. C at 46, 56.

The victim testified that Petitioner did not have permission to come to her home that morning or to bring a weapon to her home.  Ex. C at 45.

She agreed on cross-examination that when she was dating Petitioner, he did stay at her home on and off over the three month period, but that she never gave him a key and he was not on her lease.  Ex. C at 62, 67. The defense presented Petitioner's brother to testify that when Petitioner was dating the victim, he moved in and was living with her, and had clothes and other necessities at her home.  Ex. C at 89.  He testified that the victim had given Petitioner a key to the house early in their relationship.  Ex. C at 90.

In closing argument, defense counsel argued, "Burglary.  Is it a burglary?  He was living there.  Can he break into his own house?  She may have owned it, but he was living there."  Ex. C at 123.  He argued that the evidence also showed Petitioner had a key.  In light of this evidence and the argument by counsel, the jury had before it the question of whether Petitioner entered the dwelling on the day of the offense without invitation or consent of the victim.  The post-conviction court found that instructing the jury that it must find Petitioner entered the dwelling "unlawfully" had the same practical effect as instructing the jury that they must find the Petitioner was not "licensed or invited" to enter.  The evidence and argument made clear to the jury that the charge of burglary turned on the decision whether Petitioner had consent or the right by invitation or license to enter the home that day.  Included in that evidence was the victim's

testimony that Petitioner had been threatening and stalking her ever since she attempted to break up with him a week earlier.  It is a reasonable inference from that testimony that even if Petitioner had been authorized to be in the dwelling by consent, invitation, or license when they were dating, once the breakup occurred and the threats began, any such consent or invitation would be unlikely to continue.  In light of this evidence, Petitioner has not shown that, but for counsel's failure to object to the instruction given, the result of the trial would have been different.

Moreover, Petitioner has not shown that use of the modified instruction resulted in a violation of due process.  Section 810.02, Florida Statutes, in effect at the time of the offense, stated the elements of burglary as follows:

> 1.  Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licenses or invited to enter; or
>
> 2.  Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
>
>> a. Surreptitiously, with the intent to commit an offense therein; or
>>
>> b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or
>>
>> c. To commit or attempt to commit a forcible felony, as defined in s. 776.08.

§ 810.02(1)(b), Fla. Stat.  The evidence presented met these statutory elements for finding Petitioner guilty of burglary.  Petitioner failed to demonstrate a violation of due process or that he was deprived of a fair trial by any error in the jury instruction caused by his counsel's failure to object.

As the Eleventh Circuit has explained, in determining if an error or omission in a jury charge was so prejudicial as to violate due process, the federal court "do[es] not judge portions of the jury charge, or even the entire charge, standing alone.  A defendant's right to due process is not violated unless an erroneous instruction, when viewed in light of the entire trial, was so misleading as to make the trial unfair."  Agan v. Vaughn, 119 F.3d 1538, 1545 (11th Cir. 1997).  Any state law error that may have occurred in jury instruction that was not objected to by trial counsel, viewed in light of all the evidence, did not render the trial fundamentally unfair or so infect the entire trial that due process was denied, thereby allowing habeas review under 28 U.S.C. 2254.  See Jamerson, 410 F.3d at 688.

Even if trial counsel had objected to the modification of the standard jury instruction by inclusion of the word "unlawfully," and even if the trial court had instructed the jury on element 3 of the standard jury instruction, there is no reasonable probability that the result of the trial would have been different, and no violation of due process has been shown.  The state

courts' adjudication that trial counsel was not ineffective in failing to object to the jury instruction for burglary has not been shown to result in a decision that is contrary to, or involving an unreasonable application of, Strickland or any other established federal law as determined by the Supreme Court, nor has it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial.  Accordingly, habeas relief under 28 U.S.C. § 2254 on Ground 1 should be denied.

### Ground 2:  Failure to Request Proper Burglary Instruction

In this ground, and for essentially the same reasons set forth in Petitioner's arguments in support of Ground 1, he contends that trial counsel was ineffective in failing to either (1) request the 2003 version of the standard jury instruction on burglary, which required the jury to find Petitioner did not have permission or consent to enter the dwelling; or, (2) request that element 3 of the 2007 version of the burglary jury instruction, which required the jury to find Petitioner was not licensed or invited to enter the dwelling, be given.  ECF No. 1 at 10.  Petitioner contends that the modified instruction given by the trial court was ambiguous and prejudiced Petitioner, whose defense was consent to enter the dwelling.  The postconviction court ruled that the two claims were

related, Ex. Q at 52-53, and denied both of them for the reasons discussed in Ground 1 above.

Petitioner again argues that the post-conviction court's adjudication was unreasonable when it found that use of the word "unlawfully" in the modified instruction had the "same practical effect" as element 3 of the 2007 version of the standard jury instruction for burglary.  ECF No. 1 at 11. In this claim, Petitioner distinguishes between a defense of "consent" and the defense of "living there," and contends that counsel should have requested one or the other of the standard instructions to be given without modification to provide the jury with the opportunity to determine if Petitioner had consent to enter the dwelling.

Citing trial counsel's testimony at the evidentiary hearing, in which he said he discussed the "consent" defense with Petitioner, Respondent contends that trial counsel made a strategic decision not to request a jury instruction relying solely on "consent" because it would have conflicted with evidence that Petitioner had been living in the home.  ECF No. 16 at 11-12. This characterization is borne out by trial counsel's testimony that the jury instruction, as given, provided him ample opportunity to argue his defense, which was that Petitioner "lived there and didn't need consent to enter. The question was did he unlawfully enter and we argued that he did not

because he was an occupant." Ex. Q at 37. Trial counsel also testified that he discussed every possible defense with Petitioner including the "consent" defense. Ex. Q at 47. The postconviction court correctly determined that trial counsel was not ineffective in failing to request either the 2003 instruction or element 3 of the 2007 instruction.

Petitioner has provided no basis to conclude that the trial court should have given the 2003 version of the burglary instruction. Counsel was not required to request the 2003 instruction, as it was no longer applicable. The Florida Supreme Court explained when it adopted the 2007 revisions to Standard Jury Instruction 13.3 that the revised instruction for burglary should be given for offenses committed after July 2, 2001. *See* In re Standard Jury Instructions in Criminal Cases—Report No. 2006-2, 962 So. 2d at 326.

Nor has any deficiency in counsel's performance been shown in counsel's failure to request element 3 of the 2007 version of the jury instruction. As discussed in Ground 1, the post-conviction court's denial of relief on this claim was based in part on its determination that the trial court's modification of the standard instruction by use of the word "unlawfully" had the same "practical effect" as giving element 3 of the instruction. The post-conviction court's ruling concerning the sufficiency of

the modified jury instruction is founded on a determination of state law,

review of which is not cognizable in a federal habeas proceeding.  *See*

Engle, 456 U.S. at 119-20.

As to the second prong of the test for ineffective assistance of

counsel, Petitioner has failed to show that prejudice, as defined in

Strickland, flowed from his trial counsel's failure to request that element 3

of the 2007 jury instruction be given.  Even if trial counsel had requested it,

and the trial court had instructed the jury on element 3 of the standard jury

instruction, there is no reasonable probability that the result of the trial

would have been different.  The evidence in the case detailing the

circumstances of the victim's breakup with Petitioner, her testimony that

she told Petitioner she did not want to see him anymore, evidence that he

was not on the lease and did not have a key, and evidence of his stalking

and threatening the victim for a week before the incident, allowed the jury

to find both that Petitioner was no longer living in the dwelling and that he

had no current consent, invitation, or license to enter the dwelling.  In light

of this evidence, there is no reasonable probability that, absent any trial

counsel error in failure to request a different jury instruction, the result of

the trial would have been different.  The state court's determination of this

claim has not been shown to be unreasonable in light of the actual

instruction given and the evidence in the case.

The adjudication by the post-conviction court and the affirmance by

the state appellate court that trial counsel was not ineffective in failing to

affirmatively request that either the 2003 jury instruction or element 3 of the

2007 jury instruction for burglary be given has not been shown to result in a

decision that is contrary to, or involving an unreasonable application of,

Strickland or any other established federal law as determined by the

Supreme Court.  Nor has the state courts' adjudication resulted in a

decision that was based on an unreasonable determination of the facts in

light of the evidence presented at trial.  Accordingly, habeas relief under 28

U.S.C. § 2254 should be denied.

## Conclusion

Based on the foregoing, Petitioner Kaion Robinson is not entitled to

federal habeas relief.  Accordingly, the § 2254 petition (ECF No. 1) should

be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be

**DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2016.


**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**